CLERK'S OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED

OCT 06 2006

JOHN F. CORCORAN, CLERK
BY: _____
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | |
|---|---|
| PROGRESS FUELS CORPORATION, ) | |
| ) | Case No. 2:06CV00010 |
| Plaintiff, ) | |
| ) | **OPINION AND ORDER** |
| v. ) | |
| ) | By: James P. Jones |
| SIGMON COAL COMPANY, INC., ) | Chief United States District Judge |
| ) | |
| Defendant. ) | |

*Stephen M. Hodges, Penn, Stuart & Eskridge, Abingdon, Virginia, for Plaintiff; Martin B. Bailey, Wagner, Myers & Sanger, P.C., Knoxville, Tennessee, for Defendant.*

In this civil case arising under the court's diversity jurisdiction, the plaintiff, Progress Fuels Corporation, claims damages from the alleged failure of the defendant, Sigmon Coal Company, Inc., to honor a contract for the sale of coal. Sigmon now appeals certain discovery rulings by the magistrate judge. In particular, Sigmon objects because the magistrate judge allowed Progress to redact in its production of documents, "identifying information for any customer for which it is bound by a confidentiality agreement protecting the identity of that customer, if it provides the court with an affidavit from a corporate representative stating that such information is redacted pursuant to a confidentiality agreement." (Order ¶ 1, Aug. 31, 2006, Dkt.

No. 41.)

In addition, Sigmon objects because in the Protective Order entered by the magistrate judge, it was directed that any party desiring to file information with the court previously designated by a party as confidential, must first file a motion with the court permitting the information to be filed under seal. (Protective Order ¶ 5, Sept. 6, 2006, Dkt. No. 47, as amended, Sept. 7, 2006, Dkt. No. 53.)

On September 19, 2006, the parties were each granted leave to file written argument regarding this appeal, provided such written argument was filed within ten days. Progress timely filed such written argument on September 29, 2006. Sigmon did not file its written argument until October 5, 2006, two days late. Accordingly, Sigmon's submission will not be considered.

My review is differential; the orders of the magistrate judge may be modified only if "clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A) (West 2006); Fed. R. Civ. P. 72(a).

REDACTION OF CUSTOMER INFORMATION.

Progress rightly concedes that the court has the power to order the production of the information requested, even if it is covered by Progress' agreements with third parties to hold that information confidential. Nevertheless, the court also has the power to protect information, even if discoverable, where any benefit is outweighed

-2-

by the burden. *See* Fed. R. Civ. P. 26(b)(2)(iii).

The identity of Progress' coal sales customers is discoverable, in light of the damages issues in this case. Nevertheless, based on the representations by Progress of the nature of the information and its limited overall probative value, I cannot find that the magistrate judge's order is clearly erroneous or contrary to law.[1]

## FILING SEALED MATERIAL.

Sigmon asserts that it should not be required to request the sealing of information designated by its opponent as confidential. It contends that such a requirement is "unduly burdensome" and contrary to the principle of public access to court proceedings.

While it is correct that there is a presumption against sealing court documents, *see Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), it is reasonable in a case such as this to set in place an orderly procedure for a determination of whether the presumption in favor of public access has been overcome by a legitimate interest in confidentiality. The procedure directed by the magistrate judge provides for such a procedure, although I will amend the directive to provide that the party seeking to file designated confidential material may take the

---

[1] Progress represents that of 88 separate coal transactions, identifying information has been redacted for only two customers involving a total of five transactions.

position that it is not necessary to file the material under seal. In other words, if Sigmon desires to file information with the court that Progress has previously designated as confidential, Sigmon must first seek a court determination as to whether the information should be sealed or not, with an opportunity for Progress to advise the court of its position. Sigmon may or may not agree that sealing is proper, but the fact that a party has designated the information as confidential is sufficient to at least require a court determination before the information is filed without sealing.

Accordingly, paragraph 5 of the Protective Order entered September 6, 2006, is hereby amended to read as follows:

"5.    Any party who wishes to file Confidential Information of another party with the Court must first file a motion seeking a determination by the court as to whether the information must be filed under seal. Any party desiring that the information be filed under seal must promptly so advise the court and file a motion to seal. The Court will then determine whether the Confidential Information will be filed under seal."

Accordingly, it is **ORDERED** that the Defendant's Objections Under Rule 72(a) are DENIED, except as set forth herein.

ENTER: October 6, 2006

Chief United States District Judge